[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR APPLICATION FOR PROTECTIONFROM FORECLOSURE (#104) AND MOTION FOR OBJECTION TO APPLICATIONFOR PROTECTION (#114 )
The defendants seek protection from foreclosure as an "underemployed person" under General statutes § 49-31f. General statutes § 49-31d(6) states: "`Underemployed person' means a person whose earned income during the twelve-month period immediately preceding the commencement of the foreclosure action is (A) less than fifty thousand dollars and (B) less than seventy-five per cent of his average annual earned income during the two years immediately preceding such twelve-month period. "
The plaintiff does not dispute the defendants' claim that they are currently underemployed as defined by the statute. The only objection made by the plaintiff to the defendants' application is "it is unlikely that the [d]efendants will be able to make timely payments [on] the restructured mortgage [agreement], as required by [General statutes §] 49-31f(d) (1)."
The plaintiff cites to Dime Savings Bank v. Vizzo, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 158008 (July 25, 1997, D'Andrea, J.) (3 Conn. Ops. 946) in support of its argument in opposition to the application. In DimeSavings Bank, the court denied an application for protection from foreclosure due to the fact that it was unlikely that the defendants could make timely payments on the restructured mortgage. Id. The court stated that "the only positive element in the defendants' financial future [was] the vague hope he holds CT Page 10175 out for becoming self-employed again in his own limousine company. " Id.
In the present case, the defendants' financial future is significantly more hopeful than the defendants in Dime Savings Bank. The defendants' affidavit states that the defendant Alfred Smith has accepted employment in addition to his current law practice. Further, the defendant Carol Smith is making a good faith attempt to seek additional income opportunities. The defendants have also indicated a desire to sell their home, on their own, in the near future. The court is persuaded, therefore, that the defendants will be able to make timely payments on a restructured mortgage agreement, or will satisfy their mortgage debt in full upon timely sale of the property.
The defendants are currently obligated to pay the equivalent of $1150 per week toward their mortgage debt. This places the defendants $727 shy of meeting their monthly obligations. The defendants have requested that they not be mandated to make any payments during the restructuring period in order to make improvements and repairs in preparation for the sale of their home. This court is unwilling to completely forgive a $4600 per month debt on the ground that the defendants wish to make improvements to their home.
Therefore, pursuant to General Statutes § 49-31h, as a condition to granting the restructuring order, the defendants are ordered to pay the plaintiff $1810.30 per month "as a means of demonstrating [their] good faith effort to reduce [their] monthly mortgage indebtedness." The court reaches this figure in the following manner:
Total weekly net income: $2,099.00 Minus weekly expenses without mortgage payment: $1,678.00 Weekly surplus: $421.00 X 4.3 weeks per month = $1,810.30 This amount is less than 25% of the defendants' net income, as required by General statutes § 49-31h.
The application for protection from foreclosure (# 104) is granted, and the objection (# 114) is overruled, subject to the conditions set forth above.
HICKEY, J. CT Page 10176